FARMER, J.
A unit owner brought suit against his condominium association, its president and vice president alleging a failure to comply with the governing documents of the condominium association, and a breach of fiduciary duties in violation of Florida condominium law. The owner argued that the association had improperly paid the officers compensation for their services as officers in violation of Florida condominium law[1] and association bylaws. Specifically, he alleged that the unit owners had not approved such compensation. He sought reimbursement to the association for the improper compensation and an injunction against any future unauthorized compensation.
In time the president and the association (but not the vice president) filed a joint motion for summary judgment. Their motion explained that the compensation paid to the officers was for services they had rendered to the association beyond their duties as officers, and not for work performed within their officer capacities. The motion did not describe the services. In response to the motion, the owner filed exhibits, including a copy of association bylaws which stated that, “[t]he compensation of all officers shall be fixed by the members [record owners of apartments] at their annual meeting.” The bylaws also provided a description of the officer duties:
b. President. The President shall be the chief executive officer of the Association. He shall have all of the powers and duties which are usually vested in the office of the president of an association, including but not limited to the power to appoint committees from among the members from time to time, as he may in his discretion determine appropriate, to assist in the conduct of the affairs of the Association. He shall serve as chairman of all board and members’ meetings.
c. Vice President. The Vice-President shall in the absence or disability of the President exercise the powers and perform the duties of the President. He shall also generally assist the President and exercise such other powers and perform such other duties as shall be prescribed by the directors.
*762 A hearing was held on the motion for summary judgment. Thereafter, the trial court issued a Final Summary Judgment in favor of defendants. In its judgment, the court ruled that there were no genuine issues of material fact and that any compensation paid to the officers was for services beyond and outside the duties described for the offices which they held. The owner appeals and we reverse.
There are two reasons why summary judgment in favor of the movants is not supported by the record. First, the gist of the complaint is that the additional compensation had never been authorized by the unit owners. Movants supplied nothing that would have given them authority to pay officers compensation beyond what the unit owners had previously set. Second, and apart from the question of authority, movants claimed that the services of the officers were extraordinary and beyond the scope of their duties as set forth in the bylaws. Yet they furnished no description of these alleged extraordinary services, and thus nothing in the record supports that defense.
REVERSED.
KLEIN and MAY, JJ., concur.

. See § 718.122(2)(a)l., Fla. Stat. (2000) ("Unless otherwise provided in the bylaws, the members of the board shall serve without compensation.”).